**The STATE of Ohio,**

v.

**DUNN.**

2012-Ohio-1719.]

Upper Sandusky Municipal Court,
Wyandot County, Ohio.

No. TRD–12–296.

Decided April 4, 2012.

———

Mark Ellis, Upper Sandusky Law Director, and Kathryn M. Collins, for plaintiff.

Betty J. Dunn, pro se.

OSBORNE, Judge.

{¶ 1} At approximately 3:15 p.m. on January 19, 2012, Trooper Robert M. Jones observed defendant's passenger vehicle traveling west on State Route 67, near milepost 11, in Pitt Township, Wyandot County, Ohio. Jones testified that defendant's vehicle appeared to be traveling greater than the posted speed limit of 55 miles per hour. Jones then testified that he activated his Python II radar to confirm his visual observation. The radar returned a reading of 66 miles per hour.

{¶ 2} Jones testified that he received six months of training at the Ohio State Highway Patrol Academy. He successfully completed a course in electronic speed-measuring devices in 2003. In addition, Jones testified that he received annual training updates, with the most recent being May 16, 2011. Jones's certificate of completion was admitted into evidence.

{¶ 3} Jones testified that he performed a calibration check of his radar unit at the start of his shift. After completion of his check, the unit was found to be in proper working order. Further, Jones explained that while he was in his cruiser checking defendant's speed, he heard an audible tone, which corresponded with the speed reading of 66 m.p.h., and that this tone dropped off after defendant's vehicle passed out of his radar.

{¶ 4} The next witness presented by the state was Richard McCreary of Ohio Calibration Laboratories, who was duly qualified as an expert witness in the operation of the K–55, Python, Python II, and Python III radar units. McCreary testified that these four units operate on the scientific Doppler-shift principle and that the only difference between them is the digital signal processor.

{¶ 5} McCreary testified that a radar unit displays a visual speed readout and also emits an audio tone. The tone frequency is directly proportional to the velocity of the target vehicle. McCreary also testified that the audio tone will enable the officer to verify that the correct vehicle was checked because as the vehicle passes the patrol car, the tone will drop off. He further testified that inclement weather can affect the range of the radar but not the accuracy.

{¶ 6} Based on the testimony and evidence presented, the court finds that the radar speed-measuring device is reliable and accurate as a scientific measure of the speed of a moving object and can be used by law enforcement to measure speed, provided that the device is used in accordance with its manufacturer's guidelines.

{¶ 7} To convict a person for a speeding violation, the state must prove and the record must show (1) expert testimony of the construction of the device and its method of operation in determining the speed of the approaching vehicle,

(2) evidence that the device is in proper working order, and (3) evidence that the officer using the device is qualified for its use by training and experience. *State v. Wilcox* (1974), 40 Ohio App.2d 380, 386, 319 N.E.2d 615.

{¶ 8} The court finds defendant, Betty J. Dunn, guilty of violating R.C. 4511.21(D)(1), speed, 65 m.p.h. in a 55 m.p.h. zone, and assesses costs to defendant.

So ordered.